No. 16-2306
_____

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
_____

MMM HEALTHCARE, INC.; PMC MEDICARE CHOICE, INC.

Plaintiffs – Appellants

v.

THE COMMONWEALTH OF PUERTO RICO;
OFFICE OF THE INSURANCE COMMISSIONER OF PUERTO RICO;
ANGELA WEYNE-ROIG, Insurance Commissioner of Puerto Rico

Defendants - Appellees.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
_____

**MOTION IN COMPLIANCE**

**COME NOW,** Defendants-Appellees Office of the Insurance Commissioner of Puerto Rico ("OIC"), Commonwealth of Puerto Rico, and Angela Weyne-Roig, in her official capacity, and respectfully aver and pray:

1.  On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, *et seq.*, in the United States District Court for the District of Puerto Rico.

1

2. In light of the Commonwealth's PROMESA filing, on November 29, 2017 this Court ordered the parties to file simultaneous papers "to show cause within fourteen days of the date of this order whether the automatic stay applies to this appeal in whole or in part." The Court later enlarged said deadline up to, and including, January 5th, 2018.

3. The above-captioned appeal was docketed on October 28, 2016 and stems from Puerto Rico District Court Case No. 13-1676, alleging claims against the appearing Appellee-Defendants, the Commonwealth of Puerto Rico, the Office of the Insurance Commissioner of Puerto Rico – an agency of the Commonwealth with no independent legal identity – and Angela Weyne–Roig, in her official capacity as Insurance Commissioner of Puerto Rico (together hereinafter the "Commonwealth"), for events that allegedly occurred before May 3, 2017. The complaint requests declaratory and injunctive relief against the Commonwealth. (Docket 1).

4. Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of PROMESA, the commencement or continuation "of a judicial, administrative, or other actions or proceedings against the debtor that was or could have been commenced before the commencement" of the petition under Title III or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III

proceeding is automatically stayed without further action. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a)(emphasis provided). The Commonwealth of Puerto Rico is the debtor in the Petition pursuant to 48 U.S.C. § 2161(c)(2) (PROMESA § 301(c)(2)).

5. The section 362(a) stay applies to stay all actions brought directly against the debtor - in this case the Commonwealth, a Commonwealth agency and a Commonwealth officer - including requests for injunctive relief. *Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321, 329 (C.D. Cal. 2016).

6. Meanwhile, the stay provided by section 922, "prohibits a creditor from bringing or continuing tort claims against an officer or inhabitant of the debtor, where the claim asserted is in effect a claim against the municipality." 6-922 *Collier on Bankruptcy P* 922.02 (16th 2017) (citing *In re City of Stockton*, 484 B.R. 372 (Bankr. E.D. Cal. 2012).

7. "The automatic stay is extremely broad in scope and, 'aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

8. The encompassing breadth of the automatic stay has good reason, as it serves the cardinal purposes of bankruptcy and provides the debtor with a "breathing spell" essential to (a) the preservation of the debtor's property for the collective benefit of the creditors and (b) the debtor's ability to administer its case and engage in restructuring efforts without undue distraction or interference. See, e.g., *Unisys Corp. v. Dataware Prod.*, Inc., 848 F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'") (quoting *In re Mortgage America Corp.*, 714 F.2d 1266 (5th Cir. 1983)).

9. This appeal stems from a claim for injunctive and declaratory relief against the Commonwealth, a Commonwealth agency, and a Commonwealth officer in her official capacity. Accordingly, it is stayed by Section 362 of the Bankruptcy code, as incorporated by reference under Section 301(a) of PROMESA. *In re City of San Bernardino*, 558 B.R. 321, 329 (C.D. Cal. 2016); *In re Montalvo*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

10. Nonetheless, due to compelling public policy concerns and for the protection of the health and wellbeing of Puerto Rico Medicare program beneficiaries, the Commonwealth would have no objection to a lift of the stay should Plaintiff-Appellants so request it pursuant to the procedures established for such

purpose in the Title III proceedings. *In re Commonwealth*, Bkr. No. 17-03283, Docket 1065-1, *Case Management Procedures Order of August 17, 2017.*

11. The present appeal has been fully briefed since June 6th, 2017, and the parties await only oral arguments scheduling from this Court.

12. The Commonwealth of Puerto Rico does not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III, or from the filing of this notice. The Commonwealth reserves its right to plead or address any pending matter or claim in this case.

**WHEREFORE,** appearing Defendant-Appellees respectfully request that this Court take notice of the above and issue an order finding Defendant-Appellees in compliance with the Court's order of November 29, 2017.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 5th day of January, 2017.

*s/Luis R. Román-Negrón*
**LUIS R. ROMÁN-NEGRÓN**
Solicitor General

*s/Luis J. López Valdés*
**LUIS J. LÓPEZ VALDÉS**
Assistant Solicitor General

**CERTIFICATE OF FILING AND SERVICE**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico this 5th day of January, 2017.

                                        *s/ Luis J. López Valdés*
                                        **LUIS J. LÓPEZ VALDÉS**
                                        Acting Assistant Solicitor General
                                        Department of Justice
                                        P.O. Box 9020192
                                        San Juan, P.R. 00902-0192
                                        Tel. (787) 721-2900, Ext. 2034
                                        Fax (787) 724-3380
                                        llopez@justicia.pr.gov