No. 16-2306

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

MMM HEALTHCARE, INC.; PMC MEDICARE CHOICE, INC.

Plaintiffs-Appellants

v.

THE COMMONWEALTH OF PUERTO RICO;
OFFICE OF THE INSURANCE COMMISSIONER OF PUERTO RICO;
ANGELA WEYNE-ROIG, Insurance Commissioner of Puerto Rico

Defendants-Appellees

## JOINT STATUS REPORT

**COME NOW** Plaintiffs-Appellants and Defendants-Appellees, the Commonwealth of Puerto Rico, the Office of the Insurance Commissioner of Puerto Rico and Angela Weyne-Roig in her official capacity as Insurance Commissioner of Puerto Rico, and respectfully aver and pray:

1. On March 1st, 2018, the Honorable Court issued an order holding that the present appeal be held in abeyance pending further proceedings in the Commonwealth of Puerto Rico's Title III case for the protective lifting of the automatic stay (the "PROMESA Case"). The Court further ordered all the parties to file joint status reports with the court at 30-day intervals. See *Order*, Docket No. 00117261418.

2. On March 15th, 2018, the Appellants filed a Petition for Rehearing En Banc as to the Court's Order Staying the Current Proceedings.

3. On October 25th, 2018, the Court issued a Docket Order denying the rehearing *en banc*.

4. On January 18, 2022, the U.S. District Court for the District of Puerto Rico (the "District Court") entered an *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of*

the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority (the "*Confirmation Order*", Case No. 17-03283, Docket No. 19813) in the PROMESA Case. The *Confirmation Order* confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al* (the "*Plan of Adjustment*", Case No. 17-03283, Docket No. 19813-1).

5. Pursuant to the confirmed *Plan of Adjustment*, the automatic stay "shall remain in full force and effect **until** the Effective Date." *Plan of Adjustment*, Case No. 17-03283, Docket No. 19813-1, p. 207, ¶ 92.95 (emphasis added). See also *Confirmation Order*, Case No. 17-03283, Docket No. 19813, p. 79, ¶ 66 ("Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect … shall remain in full force and effect through the Effective Date…").

6. Paragraph 59 of the *Confirmation Order* (titled "Injunction on Claims") states the following:

> Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property. Notwithstanding the foregoing, without prejudice to the exculpation rights set forth in section 92.7 of the

> Plan and decretal paragraph 61 hereof, nothing contained in the Plan or this Confirmation Order is intended, nor shall it be construed, to be a non-consensual third-party release of the PSA Creditors, AFSCME, and of their respective Related Persons by Creditors of the Debtors.

*Confirmation Order*, Case No. 17-03283, Docket No. 19813, at 67 ¶ 59 (original boldface omitted).

7. In other words, the *Confirmation Order*'s injunction on claims, debts, or liabilities that were discharged or otherwise released pursuant to Section 92.2 of the *Plan of Adjustment* replaced the automatic stay created under the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101–2241 ("PROMESA"), and Sections 105, 362, and 922 of the Bankruptcy Code (to the extent applicable), and under which the appearing parties have filed joint status reports since March 1st, 2018.

8. On March 15, 2022, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* (Case No. 17-03283, Docket No. 20349), stating that "the Effective Date of the [*Plan of Adjustment*] occurred on March 15, 2022". Id. at 2.

9. Upon the "Effective Date" of the *Plan of Adjustment*, the automatic stay is no longer in effect. While the *Confirmation Order* has been appealed, as of today, no stay pending appeal has been issued by the District Court or this First Circuit. See, *e.g.*, *Opinion and Order Denying Motions for a Stay Pending Appeal*, Case No. 17-03283, Docket No. 20249.

10. As recently stated by the US District Court for the District of Puerto Rico, "the automatic stay imposed by section 362 of the Bankruptcy Code in connection with the Title III [PROMESA] Case has expired". *Memorandum Order Concerning Motion for Relief from Automatic Stay,* Case No. 17-03283, Docket No. 24851, p. 2 ¶ 1 (D.P.R. August 7, 2023).

11. As of this filing date, there are no further updates for this period.

**WHEREFORE** the Appellants and the Appellees respectfully request the Honorable Court take notice of the foregoing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21 day of March, 2025.

**WE HEREBY CERTIFY:** that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record to their respective e-mail addresses of record.

*/s/ Mariola Abreu Acevedo*
Mariola Abreu Acevedo
USCA 1st Cir. No. 1199215
mariola.abreu@justicia.pr.gov

*/s/Omar Andino Figueroa*
USCA 1st Cir. No. 1197240
omar.andino@justicia.pr.gov

**P. R. DEPARTMENT OF JUSTICE**
P.O. Box 9020192
San Juan, PR 00902-0192
Tel.: (787) 721-2900
Fax: (787) 724-3380
*Counsel for Defendants-Appellees*

/s/*Katherine González Valentín*
USCA 1st Cir. No. 60813
kgonzalez@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
USCA 1st Cir. No. 116338
gchico@ferraiuoli.com

**FERRAIUOLI LLC**
P.O Box 195168
San Juan, PR 00919-5168
250 Muñoz Rivera Ave., 6th Floor
San Juan, PR 00918
Tel.: (787) 766-7000
Fax: (787) 766-7001
*Attorney for Plaintiffs-Appellants*
*MMM Healthcare, LLC and*
*PMC Medicare Choice, LLC*